## McDONOUGH et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 4, 1924.)

No. 4109.

Judges ⟨⟩25(2)—Authority to retired Circuit Judge to perform judicial duties held sufficient, and not to expire with term.

Under Judicial Code, § 260, as amended by 40 Stat. 1156, 1157 (Comp. St. Ann. Supp. 1919, § 1237), providing that Circuit Judge retiring thereunder may be called by senior judge and authorized to perform such judicial duties as he may be willing to undertake, written authority by senior Circuit Judge to "perform such judicial duties * * * as he may be willing to undertake until otherwise ordered" *held* sufficient to authorize participation in decision of case, and not to expire at end of term in which given.

On motion for leave to file supplemental petition for rehearing. Motion disallowed and denied.

For former opinion, see 299 Fed. 30.

Marshall B. Woodworth, Frank J. Hennessy, and Charles J. Heggerty, all of San Francisco, Cal., for plaintiffs in error.

John T. Williams, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before HUNT and MORROW, Circuit Judges, and McCORMICK, District Judge.

McCORMICK, District Judge. Plaintiffs in error, who, for convenience, will be hereinafter referred to as defendants, were tried, convicted, and sentenced in the Southern Division of the United States District Court for the Northern District of California, upon two counts of an information filed therein by the United States attorney for the Northern district of California, charging violations of an Act of Congress known as the National Prohibition Act. 41 Stat. 307, 314 (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). By a writ of error defendants brought the case to this court for review. It was regularly placed upon the calendar of this court, to be argued and submitted during the February, 1924, session of the October, 1923, term. During said session, and on March 13, 1924, counsel for the respective parties appeared herein, argued the cause, and submitted it for consideration and decision by this court.

The United States Circuit Court of Appeals for the Ninth Circuit, which met at San Francisco, Cal., on March 13, 1924, and to which the arguments and briefs were presented and submitted by counsel for the respective parties herein, consisted of three judges, to wit, Hon. William B. Gilbert, of Portland, Or., Senior United States Circuit Judge for the Ninth Circuit; Hon. William H. Hunt, of San Francisco, Cal., United States Circuit Judge assigned by the Chief Justice of the United States to the Ninth Circuit (38 U. S. Stat. p. 219; Judicial Code, § 201 [Comp. St. § 1110]); and Hon. William W. Morrow, of San Francisco, Cal., United States Circuit Judge for the Ninth Circuit, who had theretofore retired under the provisions of acts of Congress reproduced as section 260, as amended, of the Judicial Code of the United States (40 Stat. 1156 [Comp. St. Ann. Supp. 1919, § 1237]). The court as thus composed, after submission of this cause as aforesaid, and after due consideration thereof, did, on May 26, 1924, affirm the judgment and sentence of the said United States District Court, the opinion of the court being prepared by Hon. William W. Morrow aforesaid (299 Fed. 30). The judgment of affirmance, as well as the opinion by Judge Morrow, were by the court ordered filed, and pursuant thereto a judgment of affirmance was regularly filed, docketed, and entered in the office of the clerk of this court on said May 26, 1924.

Thereafter, and on June 24, 1924, defendants filed petitions for rehearings of said cause. The petitions were denied by order of this court entered June 30, 1924, and it was also ordered at that time that the mandate to the District Court be stayed until August 5, 1924. On July 7, 1924, de-

fendants, through their counsel, filed, in the office of the clerk of this court, a document entitled "Notice of and Motion for Leave to File Supplemental Petition for Rehearing on Behalf of Plaintiffs in Error, with Affidavits, Exhibits, Etc." It was stated in said document that defendants would, on July 14, 1924, move this court for leave to file supplemental petition for rehearing, and that the said motion "is predicated upon the ground that one of the judges who decided said case against plaintiffs in error, to wit, Hon. William W. Morrow, a retired judge, was not eligible or qualified, under the law and orders of this court, to sit in said case or to take any part therein."

It was also stated in said document that the motion would be based on the notice accompanying it, as well as upon a certain affidavit attached, and upon all of the records, dockets, papers, and documents on file and of record in said case. This was the first intimation or suggestion by defendants or their counsel of objection to the composition of the court as aforesaid during the hearings of this case in this court, and was the first intimation or suggestion of any objection to the participation of Judge Morrow as a member of this court in the hearing, consideration, or decision of this case.

When the court convened on July 14, 1924, defendants' counsel presented said motion, and the same was ordered submitted as filed. On motion of defendants' counsel it was further ordered by this court that all docket entries of the cause in this court, as well as rules 3 and 36 of this court, should be considered in support of and in connection with said motion. Irrespective of the procedural right of defendants to file or to present a second, or so-called "supplemental," petition for rehearing, we have considered their motion on its merits, disregarding any technical objection that might be properly urged thereto.

The question for decision may be stated thus: Was Circuit Judge Morrow, retired under section 260, as amended, of the Judicial Code of the United States, eligible and qualified, as a member of the Circuit Court of Appeals of the Ninth Circuit, to participate in, to consider, and to decide this case? The statute under which Judge Morrow retired, in so far as it is pertinent to the present inquiry, is as follows:

"When any judge of any court of the United States, appointed to hold his office during good behavior, resigns his office after having held a commission or commissions as judge of any such court or courts at least ten years continuously, and having attained the age of seventy years, he shall, during the residue of his natural life, receive the salary which is payable at the time of his resignation for the office that he held at the time of his resignation. But, instead of resigning, any judge other than a justice of the Supreme Court, who is qualified to resign under the foregoing provisions, may retire, upon the salary of which he is then in receipt, *from regular active service on the bench,* and the President shall thereupon be authorized to appoint a successor; *but a judge so retiring may nevertheless be called upon by the senior Circuit Judge of that circuit and be by him authorized to perform such judicial duties in such circuit as such retired judge may be willing to undertake* [underscore ours], or he may be called upon by the Chief Justice and be by him authorized to perform such judicial duties in any other circuit as such retired judge may be willing to undertake, or he may be called upon either by the presiding judge or senior judge of any other such court and be by him authorized to perform such judicial duties in such court as such retired judge may be willing to undertake." 40 Stat. 1157

Defendants concede herein that, notwithstanding Judge Morrow's retirement as Circuit Judge for the Ninth Circuit, under the provisions of the statute just quoted, he has neither relinquished nor surrendered his power to perform the duties of a Circuit Judge of the United States for the Ninth Circuit when duly called upon and authorized to perform judicial duties therein by the senior circuit judge thereof. The record hereof discloses that on January 23, 1923, which was subsequent to the retirement of Judge Morrow, the senior Circuit Judge of the Ninth Circuit, Hon. William B. Gilbert aforesaid, executed and filed in the office of the clerk of this court a writing in words and figures as follows:

"The Honorable Wm. W. Morrow, who has retired from the office of United States Circuit Judge for the Ninth Circuit, is hereby authorized to perform such judicial duties in the United States Circuit Court of Appeals for said circuit as he may be willing to undertake, until otherwise ordered.

"Dated January 23, 1923.

"[Signed]    Wm. B. Gilbert,
"Senior Circuit Judge of the Ninth Circuit."

It is argued by defendants that the aforesaid authorization is not sufficient to enable Judge Morrow to consider and to decide

and to participate in the decision of this case. Moreover, they contend, inferentially, at least, that, if he derived any power from such authorization, such power terminated with the October, 1922, term of this court.

We perceive no merit in either contention. We find nothing in section 260, as amended, of the Judicial Code, supra, that requires any particular method to be employed by the senior Circuit Judge in calling upon a retired Circuit Judge to perform judicial duties. The statute does confer upon the senior Circuit Judge the express power to call upon and to authorize a retired Circuit Judge to perform such judicial duties in such Circuit from whence he retired as such retired judge may be willing to perform. How this should be done was entirely within the discretion of the said senior Circuit Judge. See Denby v. Berry, 263 U. S. 29, 33, 44 Sup. Ct. 74, 68 L. Ed. 148.

It is not necessary that either the call or the authorization be in writing Any affirmative manifestation by the senior Circuit Judge which indicates his acquiescence in the performance of judicial duty by a retired Circuit Judge would, in our opinion, be sufficient and plenary authorization thereof. But if a written authorization be required by the Statute, the record in this case clearly indicates substantial compliance therewith. The writing or order of Judge Gilbert, under date of January 23, 1923, supra, authorized Judge Morrow "to perform such judicial duties in the United States Circuit Court of Appeals" for the Ninth Circuit "as he may be willing to undertake, *until otherwise ordered.*" (Underscore ours.)

This was what might be termed an omnibus call, an authorization which remains operative and effectual until revoked or abrogated. It is not claimed that there has been any modification or revocation of this writing. If the writing were intended merely to authorize Judge Morrow to perform judicial duty during the term wherein it was written and filed, why did it contain the concluding clause *"until otherwise ordered"?* To so construe the writing would be to render nugatory three of its words. Such a construction is improper.

We have hereinbefore adverted to the fact that defendants, without objection or remonstrance, argued and submitted this case to this court when composed of the three judges as aforesaid, which included Judge Morrow. Not only was the court as thus constituted a positive and clear manifesta-

tion that Judge Gilbert had called and authorized Judge Morrow to perform judicial duties in the consideration and determination of this case, but it was also an unmistakable indication of the willingness of Judge Morrow to undertake the performance of judicial duties therein. It may be that defendants' silent acquiescence merely assumes the competency of the tribunal to decide for them, and its incompetency to decide against them, and that even at this late day they have the right to urge the disqualification of Judge Morrow

Be that as it may, we have considered their objections, and have reached the conclusion that they are devoid of merit. In our opinion, Judge Morrow was eligible and qualified to participate in, to consider, and to decide this case.

The motion of plaintiffs in error for leave to file supplemental petitions for rehearing is disallowed and denied, and the order heretofore made denying rehearing of this cause will stand.

We are authorized to state that Judge GILBERT concurs in the foregoing opinion and decision.