11926

ETHEREDGE v. PORTER *ET AL.*

(131 S. E., 768)

1. REFERENCE.—A compulsory order of reference may be ordered only in cases coming within equitable cognizance of the Court.

2. REFERENCE—COMPULSORY ORDER OF REFERENCE WAS ERRONEOUSLY GRANTED IN ACTION·TO SET ASIDE DEEDS ALLEGED TO HAVE BEEN EXECUTED IN FRAUD OF SUBSEQUENT JUDGMENT CREDITOR, No EXAMINATION OF LONG ACCOUNT BEING INVOLVED (CODE CIV. PROC., 1922, § 593).—Under Code Civ. Proc., 1922, § 593, granting compulsory order of reference in action to set aside deeds alleged to have been executed· in fraud of rights of subsequent judgment creditor was erroneous; examination of long account not being involved.

Before TOWNSEND, J., Orangeburg, November, 1924. Reversed.

Action by John K. Etheredge against Barbara E. Porter and others. From a compulsory order of reference granted upon plaintiff's motion, defendants appeal.

*Messrs. Wolfe & Berry,* for appellants, cite: *Issues joined to be settled by jury:* Rule 28 of the Circuit Courts, 1922. *When a reference may be compulsory:* Code Civ. Pro., 1922, Sec. 593.

*Mr. E. B. Friday,* for respondent, cites: *When order of reference appealable:* 85 S. C., 299; 64 S. C., 290; 49 S. C., 423. *Case one of equitable cognizance:* 105 S. C., 280; 84 S. C., 98; 64 S. C., 396. *Order of reference may be granted at chambers:* 109 S. C., 139; 85 S. C., 299; 64 S. C., 292. *Judge in County other than where action pending but in same circuit; jurisdiction:* Code Civ. Pro., 1922, Sec. 35. *Granting order of reference discretionary:* 82 S. C., 150; 56 S. C., 298; 55 S. C., 254.

March 2, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action to set aside certain deeds executed by the defendant, Barbara E. Porter, which are alleged to have been executed in fraud of the rights of the plaintiff, a subsequent judgment creditor. The appeal is from a compulsory order of reference granted upon motion of the plaintiff over the protest and objection of the defendants.

It is settled by the decisions of this Court, notably 1, 2 *Newell v. Blankenship,* 130 S. C., 131; 125 S. E., 420, and *Bank v. Foster,* 132 S. C., 410; 129 S. E., 629, that a compulsory order of reference may be ordered only in cases coming within the equitable cognizance of the Court; and that even if the cause of action be deemed equitable, the Court has no power to compulsorily order a reference except under the circumstances detailed in Section 593 of the Code of Civil Procedure 1922, "where the trial of an issue of fact shall require the examination of a long account on either side." The case presented does come within the provisions of the Code, and as a consequence the order of reference was erroneous.

The judgment of this Court is that the order appealed from be reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, BLEASE and STABLER concur.