Paul MITCHELL, Appellant,

v.

C. L. SNIPES, Appellee.

No. 15295.

United States Court of Appeals
Ninth Circuit.

May 27, 1957.

Bell, Sanders & Tallman, Anchorage, Alaska, for appellant.

McLaughlin & Atkinson, Anchorage, Alaska, for appellee.

Before MATHEWS, CHAMBERS and BARNES, Circuit Judges.

BARNES, Circuit Judge.

Appellant was sued in the Justice's Court, Territory of Alaska, Anchorage Precinct, for the reasonable value of carpentry work done for him by appellee at Chugiak, Alaska. A judgment was awarded against him for $142.88, plus interest and costs.

The judgment in the Justice Court recites that plaintiff-respondent appeared with counsel, and testified. Defendant-appellant appeared without counsel, and offered no evidence.

Appellant sought to appeal this judgment to the District Court for the Territory of Alaska. There the plaintiff moved to dismiss the appeal. The ap-

**692**

peal was dismissed and judgment entered against appellant.

*Thereafter* appellant's counsel moved to set aside the District Court's judgment, and filed memoranda of law and affidavit in support thereof. A second affidavit, prepared by appellant, was thereafter filed, as well as an affidavit made by the Deputy United States Commissioner and Ex Officio Justice of the Peace, who ordered the original judgment in the Justice Court. The motion to set aside the District Court's judgment was thereafter denied, and the matter appealed to this Court.[1] On the hearing of a motion for the setting of a supersedeas bond, a further affidavit was filed, and appears in the record before us, although its purpose and relevancy seem unclear.

The points raised on appeal are:

1. The District Court erred in failing to make findings of fact and conclusions of law upon which to base its judgment.

2. The District Court erred in dismissing the appeal, as a matter of law.

3. The District Court erred in summarily dismissing the appeal, "since said dismissal required the disposition of a genuine and material issue of fact."

4. In his brief, though not in his Designation of Points on Appeal, appellant also asserted a lack of jurisdiction in the judge sitting in Alaska, regularly a judge from the Southern District of Texas.

■ It should first be noted that appellant cannot rely on his fourth point. We have heretofore ruled that an appellant, who on appeal, questions for the first time the designation of a District Judge from the United States, or his right to sit as a judge in the Alaska District Courts, has no standing to raise the issue in this Court. Reynolds v. Lentz, 9 Cir., 243 F.2d 589; McDowell v. United States, 159 U.S. 596, 16 S.Ct. 111, 40 L.

Ed. 271; Ball v. United States, 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377; Ex Parte Ward, 173 U.S. 452, 19 S.Ct. 459, 43 L.Ed. 765.

We can discuss the first three points together. Appellee's motion to dismiss was based only on the record, and the law applicable to the motion. *None of the affidavits in the record presented to this Court on appeal were before the trial judge when he heard this motion.* The affidavits, presenting factual issues, were raised only in support of appellant's motion to set aside the previous judgment for costs required by the granting of the motion to dismiss. This appeal is only from the judgment granting the motion to dismiss, and not from the denial of the second motion to set aside the judgment. [Tr. 23]

In determining the original motion to dismiss, the District Court was required to consider the law of Alaska authorizing appeals from a Justice Court.

This reads:

Chapter 9, Section 68–9–1, A.C. L.A., 1949. "Either party may appeal from a judgment given in a Justice's Court, in a civil action when the sum in controversy is (over) * * * fifty dollars * *, *except when the sum is given by confession, or for want of an answer,* as prescribed in this chapter, and not otherwise." [Emphasis added.]

The motion to dismiss recites it was "based upon the records and file herein." This, so far as the record on appeal herein discloses, consisted of but two documents, plaintiff's complaint, and the Justice Court judgment. It is to be observed (1) that there was no answer presented by the defendant below, either oral[2] or written, as was required by statute.[3] (2) The Judgment recites:

" * * * the plaintiff having offered evidence in support of his complaint, and the defendant having offered no evidence." [Tr. 4, 5]

1. 28 U.S.C.A. § 1291; Rule 73, Federal Rules of Civil Procedure, 28 U.S.C.A.

2. Cf.: § 67–1–5, subd. 2, A.C.L.A.1949.

3. § 68–3–1, A.C.L.A.1949.

We must assume, as the District Court was required to assume, that the record before him correctly delineated the proceedings occurring below. If anything were missing, or lacking, appellant had his remedy in the District Court, proposing an amendment,

"* * * to supply any defect, deficiency, or omission therein, by filing formal pleadings * * * on either side." [4]

This he did not choose to do, either before the motion was decided, nor when it was heard, nor thereafter.

It can only be concluded from the record before the District Court, therefore, as appellee maintains, that appellant had "filed no written answer, offered no evidence, and made no oral answer in the Justice's Court."

The appellant, thus standing mute in the Justice Court, did, "by confession or for want of an answer," require the Justice of the Peace to award judgment to the plaintiff if any cause of action had been established by plaintiff's testimony. No other course of conduct was open to the Justice of the Peace. On such a record, the District Court was scrutinizing a record disclosing a non-appealable judgment under Alaska law.[5] The District Court was required to grant the motion to dismiss, and thereafter to enter a judgment for costs on appeal.[6]

The case of Johnson v. Johnston-Coutant Co., 4 Alaska 456, relied on by appellant, is inapposite, for in it there existed no "reasonable conclusion that the defendant had abandoned his cause before the Justice." It is true that there the record, at the time the motion to dismiss was made, showed that defendant had asked for a continuance. The record here, on the motion before the District Court, showed no such motion for continuance had been made. That information was before the District Court only on the motion to set aside the judgment.

 This was not a case requiring Findings of Fact and Conclusions of Law. It was decided purely on, and as, a matter of law.

In our opinion it was correctly decided, and the judgment of the District Court based on the order dismissing the appeal from the Justice Court is affirmed.

---

4. Chapter 9, § 68-9-14, A.C.L.A.1949.

5. Chapter 9, § 68-9-1, supra.

6. Chapter 9, § 68-9-12, A.C.L.A.1949: "When an appeal is dismissed the district court must give judgment as it was given in the court below, and against appellant, for the costs and disbursements of the appeal."

See also: Whipple v. Southern Pac. Co., 34 Or. 370, 55 P. 975, interpreting the law from which Alaska took its Justice Court procedure, and Everton v. Smith, 1 Alaska 422.