243 F.2d 589
 J. C. REYNOLDS and Agnes M. Reynolds, husband and wife, of Homer, Alaska, Appellants,
v.
Raymond V. LENTZ and Shirley Lentz, husband and wife, of Homer, Alaska; Bank of Homer, a banking corporation, of Homer, Alaska; William L. Mathews, of Homer, Alaska; and Henry Anderson and Eni Anderson, Appellees.
 No. 15409.
 United States Court of Appeals Ninth Circuit.
 April 4, 1957.
 Rehearing Denied May 7, 1957.
 Writ of Certiorari Denied June 24, 1957.
 
 See 77 S.Ct. 1402.
 Bailey E. Bell, Bell, Sanders & Tallman, Anchorage, Alaska, for appellants.
 Edward V. Davis, Ralph E. Moody, J. Earl Cooper, Moody & Talbot, Anchorage, Alaska, for appellees.
 Before POPE, BARNES and HAMLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This action was brought by the plaintiffs-appellants for the purpose of establishing and enforcing as against the defendants-appellees the rights of the plaintiffs to the performance of a contract for the sale of real property between the plaintiffs as vendees and the defendants Lentz as vendors. The court below found that the plaintiffs were in default under the contract; that the vendors had properly terminated it because of such default; that plaintiffs had lost all rights under the contract; and that the defendants were entitled to possession of the property and to recover from the plaintiffs the sums which the latter had collected in the way of rentals. Judgment was entered accordingly.
 
 
 2
 Upon this appeal appellants assert: (1), that the judgment was void because the judge before whom the case was tried had no jurisdiction to sit as a trial judge in the Territory of Alaska and had no jurisdiction in the case; and (2), that the findings that the plaintiffs were in default under the contract were clearly erroneous.
 
 
 3
 The record shows that the case was tried before the Honorable Edward P. Murphy, a District Judge of the Northern District of California, who had been assigned and designated to sit and hold court in the District of Alaska by the Chief Judge of the Ninth Circuit pursuant to the provisions of Title 28 U.S.C.A. § 292(b).[1] The appellants after trying the case before the designated Judge and finding themselves unsuccessful, contended upon motion for new trial that the trial judge had no jurisdiction and that his action was wholly void because it was not within the power of the Chief Judge of the Circuit to make such an assignment. The contention is that the provisions of § 292(b), supra, can have no application to the district court for the District of Alaska since the latter court is neither a "district court" nor a "district court of the United States" within the meaning of that section because § 451 of Title 28 U.S.C.A. provides that as used in that Title: "The terms `district court' and `district court of the United States' mean the courts constituted by Chapter 5 of this Title." The court below is not one of the courts listed in Chapter 5.
 
 
 4
 We have no occasion to express any view as to this contention of the appellants for it is well settled that they have no standing to question the validity of the designation of Judge Murphy or his right to sit as a Judge in the court below. McDowell v. United States, 159 U.S. 596, 16 S.Ct. 111, 40 L.Ed. 271; Ball v. United States, 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377; Ex parte Ward, 173 U.S. 452, 19 S.Ct. 459, 43 L.Ed. 765.
 
 
 5
 While appellants also contend that the court's findings were erroneous, we note that we are not obliged to consider that contention because appellants' brief has failed to contain the specification of errors required by the provisions of our Rule 18, 28 U.S.C.A. Notwithstanding this failure, we have nevertheless considered appellants' argument that the court erred in finding plaintiffs in default under their contract.
 
 
 6
 The court is of the opinion that there is no error in this respect. The contract provided that time was of essence here and that the sellers, defendants here, should be released from all obligations to convey the property in case of the failure of the buyers to make any of the payments when due or to perform any of the covenants contained in the contract. The record shows and the court found that although the contract was made on the 8th day of April, 1954, and required the purchasers to keep the buildings on the property described in the contract insured in standard insurance companies to be approved by the sellers, in an amount not less than $6500, with loss payable to the sellers, and to deliver the insurance policies to the escrow holder, yet no policies were procured until October 10, 1954, and then only in the amount of $5500, and these were never deposited with the escrow holder. The sellers elected to terminate the contract on October 11, 1954.
 
 
 7
 We find no error in the judgment of the court below and accordingly it is affirmed.
 
 
 
 Notes:
 
 
 [1]
 § 292(b): "The chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit."