**TWO GUYS FROM HARRISON–ALLENTOWN, INC., Appellant,**

v.

**Paul A. McGINLEY, District Attorney, County of Lehigh, Pennsylvania.**

**No. 12787.**

United States Court of Appeals Third Circuit.

Argued Jan. 9, 1959.

Decided March 25, 1959.

Amended April 20, 1959.

Harold E. Kohn, Philadelphia, Pa. (Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., Morris Efron, George J. Joseph, Allentown, Pa., Oscar Brown, Philip P. Kalodner, William T. Coleman, Jr., Philadelphia, Pa., on the brief), for appellant.

Ernest F. Ritter, Allentown, Pa., Harry J. Rubin, Deputy Atty. Gen., of Pennsylvania, Harrisburg, Pa., for the Commonwealth of Pennsylvania.

Rowland Watts, New York City, (Julian E. Goldberg, on the brief) for American Civil Liberties Union.

Before BIGGS, Chief Judge, and GOODRICH and STALEY, Circuit Judges.

BIGGS, Chief Judge.

The plaintiff-appellant, Two Guys from Harrison-Allentown, Inc., a Pennsylvania corporation, operating a store in Whitehall Township, Lehigh County, Pennsylvania, employing approximately three hundred persons, filed a complaint in the court below on November 22, 1958, against the Honorable Paul A. McGinley, the District Attorney of Lehigh County, Pennsylvania, the defendant-appellee, alleging that the District Attorney arbitrarily and discriminatorily, in violation of Sections 1981 and 1983, 42 U.S. C.A., the Second and Third Civil Rights Acts, and the Fourteenth Amendment, has endeavored to coerce the plaintiff into discontinuing the operation of its business on Sunday by threatening to arrest its employees for violations of the Pennsylvania Sunday Blue Laws, 18 P.S. Pa. § 4699.4, and for conspiracy to violate them; that despite repeated requests by the plaintiff the District Attorney has refused to enforce these laws against other persons engaged "in business" and "worldly employment" on Sunday in Lehigh County, the complaint also asserting that the Sunday Blue Laws of Pennsylvania violate the Fourteenth Amendment in that they are unreasonable and discriminatory and are laws respecting the establishment of religion; that the District Attorney threatened that if the plaintiff attempted to operate its store on a then coming Sunday, November 23, 1958, he would cause the arrest of its employees "both for violating the Blue Laws and for conspiracy to violate the Blue Laws", the first offense named being punishable by a small fine, the second offense being punishable by a term of imprisonment not to exceed two years; that such "threats", publicly announced by the District Attorney, intimidate the employees of the plaintiff, coercing them not to work, which will compel the plaintiff to close its store since a substantial part of the plaintiff's business is derived from Sunday operations and that if it be prevented from continuing Sunday operations it will suffer substantial and irreparable injury. The plaintiff alleges that the Blue Laws are unconstitutional in and of themselves and also that the actions of the District Attorney in prosecuting and threatening prosecution of its employees pursuant to them has been arbitrary and discriminatory.

The complaint concludes with prayers that a three-judge court be convened; that that court declare the Blue Laws and the actions of the District Attorney in enforcing them and threatening to enforce them to be unconstitutional, that

a temporary restraining order and a preliminary and final injunction issue to restrain the District Attorney from threatening to arrest or arresting the plaintiff's employees and for other relief.

Jurisdiction was invoked generally under Section 1331, federal question and amount in controversy, and Section 1343,

civil rights, and specifically as to a three-judge court, under Sections 2281 and 2284, 28 U.S.C. Cf. Hague v. C. I. O., 1939, 307 U.S. 496, 512–513, 525, 59 S. Ct. 954, 83 L.Ed. 1423, and id., 3 Cir., 1939, 101 F.2d 774, 789–790.

■■■ On November 22, 1958, the court below, Judge Welsh [1] sitting alone,

1. Judge Welsh is a retired or Senior United States District Judge for the Eastern District of Pennsylvania. On his retirement on March 20, 1957, 28 U.S.C. § 371(b), he was given a general designation by the Chief Judge of the Circuit to sit in the court below, the designation and assignment terminating, however, by its own terms on May 20, 1958. 28 U.S.C. § 294(b), as it existed prior to the Acts of August 29, 1957, 71 Stat. 495 and of August 25, 1958, 72 Stat. 849. His designation was not continued beyond May 20, 1958 due to oversight. It was the intention of the present writer that Judge Welsh should continue to sit and adjudicate causes in the United States District Court for the Eastern District of Pennsylvania until further order, this being the type of designation generally employed in this circuit. For authority for this kind of designation, see McDonough v. United States, 9 Cir., 1 F. 2d 147, 149, certiorari denied 1924, 266 U.S. 613, 45 S.Ct. 95, 69 L.Ed. 468. The present writer informed Judge Welsh on several occasions prior to his retirement that upon his retirement he would be given a general designation of the type described above.

It was thought desirable by the Chief Judge of the court below and the other Judges of that court and also by the Chief Judge of the Circuit, that Judge Welsh should continue to perform judicial duties in that court, and accordingly, cases were assigned to him for adjudication in the court below until January 5, 1959, when he went on vacation. In short, Judge Welsh continued to perform judicial duties until January 5, 1959, despite the lack of explicit designation. The general designation given to Judge Welsh, terminating on May 20, 1958, authorized him generally to sit in any case in which he was willing to sit in the court below. It was presumed, of course, that Judge Welsh would sit in cases assigned to him in accordance with the system of assignments in effect in the court below. A rule of the court below entitled, "Rule for the Assignment of Certain Business", promulgated May 24, 1937, and presently outstanding, provides

that applications for interlocutory injunctions shall be assigned to the judges of the court below by lot. This rule was not observed in the case at bar. This court cannot, however, take the position that the failure to follow this rule deprived Judge Welsh of jurisdiction or competency to act particularly in view of the emergency seemingly presented by the circumstances at bar. The application for a three-judge court and for a temporary restraining order was made to him on Saturday, November 22, 1958, the defendant having indicated that he would proceed to prosecute the plaintiff's employees if, on the following day, Sunday, November 23, they acted in alleged violation of the Pennsylvania Blue Laws. Neither the plaintiff nor the defendant raised any objection to the competency of Judge Welsh to act in the cause. More importantly, however, the provisions of Section 2284(1) and (3), Title 28, U.S.C., clearly provide that the judge to whom the application for an injunction is made has the jurisdiction to initiate the constituting of a three-judge court and to issue a temporary restraining order, as was done here. The jurisdictional provisions of the statute are, of course, paramount to any local rule of court relating to the assignment of cases.

In preparing the opinion of this court the fact that Judge Welsh's designation had terminated on May 20, 1958 appeared, and on February 17, 1959, the present writer filed an order in the court below giving Judge Welsh a general designation to the court below, nunc pro tunc as of May 21, 1958, and until further order. The court below had jurisdiction of the action and of the parties and we are of the opinion that in the light of all the circumstances Judge Welsh possessed the competency to issue the temporary restraining order and to determine whether a three-judge court was required. Section 294, Title 28, U.S.C., providing for the designation of retired judges, was designed to avoid delays in the disposition of litigation and this section should be construed liberally to effect such a result. Frad v. Kelly,

entered an order *ex parte* on the complaint. The first paragraph of the order stated: "A three-judge court shall be convened pursuant to 28 U.S.C. sec. 2284." The second paragraph temporarily restrained the defendant from arresting or threatening to arrest any employee of the plaintiff for violating the Pennsylvania Blue Laws or for a conspiracy to violate them. The third paragraph provided that a hearing on the application for a preliminary injunction should be had on November 25, 1958. This order was not appealed from.

On November 25, 1958 there was a hearing before Judge Grim,[2] and on the following day Judge Grim, adopting the request for findings of fact and conclusions of law of the defendant, vacated the temporary restraining order and dismissed the complaint. The court determined as conclusions of law that the prosecutions by the defendant District Attorney had not been conducted in a discriminatory manner and that he would be justified in invoking the conspiracy laws of Pennsylvania; that there was no substantial federal question as to the constitutionality of the Pennsylvania Blue Laws; that the case was not a proper one for the convening of a three-judge court; that there was no showing by the plaintiff that unless an injunction was granted irreparable damage would inure to it and that the granting of an injunction was not authorized by Act of Congress or necessary to aid the jurisdiction of the court or to protect or effectuate its judgments.[3] The court below did not proceed to final hearing, apparently being of the view that this was unnecessary.[4,5] No answer had been filed, however, and there was no final hearing. The appeal at bar followed.[6]

1937, 302 U.S. 212, 58 S.Ct. 188, 82 L.Ed. 282, does not compel a contrary conclusion. The mere inadvertent omission by the Chief Judge of the Circuit to make a formal order carrying out his oral understanding with Judge Welsh under the circumstances at bar seems analogous to a formal defect in the order of designation. Such defects have been held not to constitute a bar to the exercise of the powers of judicial office. McDowell v. United States, 1895, 159 U.S. 596, 16 S.Ct. 111, 40 L.Ed. 271; Ball v. United States, 1891, 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377; Rakes v. United States, 4 Cir., 1947, 163 F.2d 771; Luhrig Collieries Co. v. Interstate Coal & Dock Co., 2 Cir., 287 F. 711, certiorari denied 1923, 262 U.S. 751, 43 S.Ct. 700, 67 L.Ed. 1215; Reynolds v. Lentz, 9 Cir., 243 F.2d 589, certiorari denied 1957, 354 U.S. 939, 77 S.Ct. 1402, 1 L.Ed.2d 1538. The nunc pro tunc order served to correct the inadvertent omission of the exercise of ministerial power by the Chief Judge of the Circuit.

Any irregularity in the designation and assignment of Judge Welsh on November 22, 1958 is not now open to question. Reynolds v. Lentz, supra; Mitchell v. Snipes, 9 Cir., 1957, 245 F.2d 691. The authority of Judge Welsh having been consented to and confirmed by the Chief Judge of the Circuit, a formal designation was not vital or indispensable to his jurisdiction or competency. Maxwell v. United States, 4 Cir., 1925, 3 F.2d 906,

907–908, affirmed per curiam 1926, 271 U.S. 647, 46 S.Ct. 487, 70 L.Ed. 1130.

In any event, Judge Welsh had the power of a de facto judge. Ball v. United States, supra; McDowell v. United States, supra; Ex parte Ward, 1899, 173 U.S. 452, 19 S.Ct. 459, 43 L.Ed. 765; Luhrig Collieries Co. v. Interstate Coal & Dock Co., supra; United States v. Marachowsky, 7 Cir., 213 F.2d 235, certiorari denied 1954, 348 U.S. 826, 75 S.Ct. 43, 99 L.Ed. 651. See also 48 C.J.S. Judges § 2a(2) (1947), which contains the usual statement of the rule that "a judge de facto is one acting with color of right and who is regarded as, and has the reputation of, exercising the judicial function he assumes."

2. Judge Grim is a judge in regular active service in the court below. The case *sub judice* was assigned to him orally by Chief Judge Ganey on Monday, November 24, 1958. The "lot" system of assignment provided for by the standing "Rule for the Assignment of Certain Business", referred to in note 1, supra, was not made use of.

3. This was a reference to the doctrine of abstention. See Section 2283, Title 28, U.S.C. "Stay of State court proceedings."

4. There was no opinion.

5. See p. 203 of transcript of proceedings before Judge Grim.

6. A petition for a temporary restraining order under 28 U.S.C. § 1651 (the "All

■ Judge Welsh held that the issues presented by the complaint as to the constitutionality of the Pennsylvania Blue Laws and their alleged discriminatory enforcement by the defendant required the creation of a three-judge court. Judge Welsh's order of November 22, 1958, particularly the first paragraph thereof, quoted above, and the issuance of the temporary restraining order, can be construed in no other way.[7] Judge Grim, sitting alone, was without jurisdiction to hear or adjudicate these issues. See Ex parte Northern Pac. R. Co., 1929, 280 U.S. 142, 144–145, 50 S. Ct. 70, 74 L.Ed. 233, and the authorities therein cited. Jurisdiction in the case at bar remains in Judge Welsh. Section 2284(1), Title 28, U.S.C., provides that the district judge to whom the application for an injunction is presented shall constitute one member of the three-judge court and shall immediately notify the chief judge of the circuit who shall designate two other judges and that such judges shall serve as members of the court. Section 2284(3), Title 28 U.S.C., provides that the district judge to whom the application for an interlocutory injunction is made may grant a temporary restraining order to prevent irreparable damage. The jurisdiction conferred by Section 2284 on the judge to whom the application for a three-judge court and for a temporary restraining order is made is paramount to any local rule of court respecting the assignment of cases, such as the rule of the court below entitled, "Rule for the Assignment of Certain Business", referred to in notes 1 and 2, supra. The local rule does not go to jurisdiction. See also United States v. Wheeler, 3 Cir., 1958, 256 F.2d 745, 749, certiorari denied 1958, 358 U.S.

873, 79 S.Ct. 111, 3 L.Ed.2d 103.[8] It follows, we reiterate, that Judge Grim was without the jurisdiction, the power, to enter the order appealed from.

■■ If Judge Welsh should fail or refuse to supply the notification required by Section 2284(1), Title 28, U.S.C., recourse cannot be had to this court but application should be made to the Supreme Court for mandamus or other appropriate relief. Ex parte Bransford, 1940, 310 U.S. 354, 355, 60 S.Ct. 947, 84 L.Ed. 1249; Stratton v. St. Louis Southwestern R. Co., 1930, 282 U.S. 10, 16, 51 S.Ct. 8, 75 L.Ed. 135. The three-judge court, when constituted, will possess the jurisdiction to decide whether a substantial federal question as to the constitutionality of the Blue Laws is presented and, if it should decide that issue in the affirmative, also will have the power to decide if the Blue Laws have been applied discriminatorily by the defendant. Louisville & Nash. R. Co. v. Garrett, 1913, 231 U.S. 298, 303–304, 34 S.Ct. 48, 58 L.Ed. 229; Osage Tribe of Indians v. Ickes, D.C.D.C.1942, 45 F. Supp. 179, 183–185, affirmed 77 U.S.App. D.C. 114, 133 F.2d 47; Firemen's Ins. Co. of Newark, N. J. v. Beha, D.C.S.D.N. Y.1928, 30 F.2d 539, 540, affirmed sub nom. Firemen's Ins. Co. of Newark, N. J. v. Conway, 1928, 278 U.S. 580, 49 S.Ct. 184, 73 L.Ed. 517.

If the three-judge court, when constituted, should reach the conclusion that no substantial federal question as to the constitutionality of the Blue Laws is raised it may then resolve itself into a court of one judge who may determine whether the Blue Laws have been discriminatorily applied by the defendant. Gully v. Interstate Natural Gas Co., 1934, 292 U.S. 16, 18–19, 54 S.Ct. 565, 78 L.Ed.

Writs Section") was filed in this court on November 26, 1958. This was in the nature of an original proceeding, though a notice of appeal was filed the same day. On November 28, 1958, we denied the prayers of the petition.

7. No request for the convening of a three-judge court was made by Judge Welsh to the Chief Judge of the Circuit.

8. In this case we held in substance that a judge of a district court may not properly overrule a decision by another judge of the same court in the same case unless the judge who made the first decision is unavailable or other exceptional circumstances, not pertinent here, are present. Judge Welsh was available at the time that Judge Grim decided the case at bar.

1088; Andrew G. Nelson, Inc. v. Jessup, D.C.S.D.Ind.1955, 134 F.Supp. 218, 221; Farmers' Gin Co. v. Hayes, D.C.W.D.Okl. 1943, 54 F.Supp. 43, 46–47.

This court has the jurisdiction to determine whether we have the power to entertain and adjudicate this appeal. The judgment of the court below, entered by Judge Grim, is appealable since the suit was dismissed and an injunction was denied. Sections 1291 and 1292, Title 28, U.S.C. But our jurisdiction on this appeal is a very limited one. We have the power to vacate the order of the court below improvidently entered but we can go no further. Cf. Section 2106, 28 U.S.C. We do not, however, possess the power to adjudicate the merits of the appeal. Consequently we will vacate the judgment of the court below and will remand the cause for appropriate action.