325 So.2d 424 (1976)
Earl R. LITTLE, Appellant,
v.
Hazel M. LITTLE, Appellee.
No. 75-1184.
District Court of Appeal of Florida, Third District.
January 13, 1976.
Silver S. Squarcia, Miami, for appellant.
Holtzman & Krause, South Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant husband takes this interlocutory appeal to review (1) an order denying his motion to dismiss his wife's petition for dissolution of marriage, (2) an order of referral to a general master, and (3) an order denying his motion to suppress the notice of hearing before the general master.
Hazel Little, appellee, filed a petition for dissolution of her marriage to appellant, Earl Little. In the petition she sought child support, attorney's fees, permanent custody of their minor child and a special equity in certain realty. Earl filed a motion to dismiss the petition on the grounds it was defective and failed to state a proper cause of action. This motion was denied. Hazel then noticed a hearing before the chancellor on her motion for alimony, *425 support, fees and injunctive relief seeking to have Earl removed from the marital home. After a hearing, the trial judge entered an order referring appellee's petition for alimony and child support and a determination of property rights to a general master pursuant to RCP 1.490. Hazel noticed a hearing before the general master and Earl moved to suppress the notice. The chancellor denied the motion to suppress.
Appellant primarily argues that the chancellor abused his discretion in delegating his authority to a general master to hear matters pertaining to alimony, child support, and a determination of property rights. We find the contention with respect to the matter of the property rights has merit.
A chancellor may appoint masters and refer certain matters to them as a matter of procedure, but the court's judicial power is not delegable and cannot be abdicated in whole or in part by the chancellor to the master.[1]Bell v. Bell, Fla. App. 1975, 307 So.2d 911. Where the question of property rights is raised, the chancellor must determine the issue since the final dissolution of marriage judgment settles all of the property rights of the parties and bars any future action to determine such rights. See 10A Fla.Jur. Dissolution of Marriage § 71 (1973). Thus, we conclude that the chancellor erred in delegating his judicial power to the general master to determine the property rights of the parties in this case. However, his referral to the matters of temporary alimony and child support to the master was proper. See RCP 1.200(a).
We also considered appellant's remaining argument on appeal that the chancellor erred in denying his motion to dismiss the petition for dissolution of marriage and find it to be lacking in merit.
Accordingly, that portion of the order of referral to the general master with respect to determining the property rights is reversed. In all other respects the order of referral is affirmed as are the orders denying the motions to dismiss and to suppress notice of hearing.
So ordered.
NOTES
[1] However, where all parties to the case consent, the trial judge can delegate to a master his authority to determine the issues of law and fact in the cause before him.