21184

C. L. FULLER, Jr. and Jerry T. Fuller, Appellants, v. T. E. HEMBY, Jr., Beverly Hemby Flinn, Southern Real Estate, and Standard Trucking Co., Respondents.

(265 S. E. (2d) 36)

*John P. Britton and H. Mills Gallivan of Rainey, Britton, Gibbes & Clarkson,* Greenville, *for appellants.*

*Larry D. Estridge of Wyche, Burgess, Freeman & Parham,* Greenville, *for respondents.*

April 3, 1980.

GREGORY, Justice:

Appellants C. L. Fuller, Jr. and Jerry T. Fuller appeal from a compulsory order of reference. No briefs were filed by respondents in support of the lower court's order. We reverse.

This action arises out of appellants' purchase of certain real property owned by respondents Hemby and Flinn. The property conveyed consists of a tract with improvements which appellants intend to utilize as a trucking terminal. Southerly adjacent to the Hemby and Flinn property is a strip of land containing 14,649 square feet owned by respondent Standard Trucking Co., a corporation of which respondents Hemby and Flinn are shareholders. Standard was not a party to either the contract of sale or the deed of conveyance.

Appellants contend the Standard strip was represented as a portion of the property to be conveyed which, by either mistake or fraud, was excluded from the legal description contained in the deed. The lower court concluded the primary thrust of the complaint is for reformation of the deed, thereby making the case equitable in nature, and on its own motion granted a compulsory order of reference. We disagree.

The power of a trial judge to direct a reference on his own motion in "equitable actions and of equitable issues in actions at law" is derived from statute, Section 15-31-20, Code of Laws of South Carolina( 1976), and is a discretionary matter. *Lund v. Gray Line Water Tours, Inc.,* S. C. 253 S. E. (2d) 503 (1979). On review of a compulsory order of reference, this Court considers the main purpose of the complaint to determine whether the action is of an equitable or legal nature. *Gore v. Skipper,* 255 S. C. 18, 176 S. E. (2d) 569 (1970).

If the thrust of the action is one at law, the lower court is limited by the "clear and explicit language" of Section 15-31-20, *supra,* to a compulsory reference of the equitable issues only. *Jones v. Barco, Inc.,* 250 S. C. 522, 526, 159 S. E. (2d) 279, 281 (1968). It follows that a compulsory order of reference directing the master to hear and determine all issues of fact and law is an abuse of discretion in a law action.

Here, while the complaint does seek a reformation of the deed to correct what is alleged to be an error in the legal description, we do not agree that this assertion converts the character of this action into an equitable one enabling the lower court to direct a general, compulsory reference of "all issues of law and fact." See *Jones v. Barco, Inc., supra;* see also *Speizman v. Guill,* 202 S. C. 498, 25 S. E. (2d) 731 (1943). The equitable relief sought is inappropriate and futile. Appellants are asking the Court

to reform the deed to include a strip of land Hemby and Flinn, the grantors, are incapable of conveying.

Appellants also seek the legal relief of damages for breach of an implied warranty that the property conveyed would be suitable for the purposes of operating a trucking terminal. Without the strip, appellants contend, such operation is impossible. Respondent Standard likewise seeks damages in its counterclaims for trespass and slander of title. We find the main purpose of the complaint and the action itself to be legal in nature. The real relief obtainable, if any, is damages under the allegations of the complaint for breach of warranty or damages under the allegations of the counterclaims for trespass and slander of title. The appellants and respondent Standard are entitled to submit these legal issues to a jury.

Accordingly, the order of the lower court directing a general, compulsory order of reference is reversed and the action remanded for trial.

Reversed and remanded.

LEWIS, C. J., LITTLEJOHN and NESS, JJ., and WALTER T. COX, III, Acting Associate Justice, concur.