Jaimi D. CHARBONEAU, Plaintiff—Appellant,

v.

Glen TURNER, Warden, ICC/CCA; et al., Defendants—Appellees.

No. 03–35845.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Jaimi D. Charboneau, Orofino, ID, pro se.

Carlton R. Ericson, Esq., Kirtlan G. Naylor, Esq., Naylor, Hales & McCreedy, P.C., Office of Attorney General, William M. Loomis, Esq., Timothy D. Wilson, Esq., John J. Burke, Esq., Hall, Farley, Oberecht & Blanton, Joseph D. McCollum, Jr., Esq., Michelle R. Points, Esq., Hawley, Troxell, Ennis & Hawley, Boise, ID, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Idaho state prisoner Jaimi D. Charboneau appeals pro se the district court's order granting summary judgment in his 42 U.S.C. § 1983 action alleging that prison officials violated his First and Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001), and we affirm.

The prison officials' contention that Charboneau waived his right to appeal by failing to comply with the Federal Rules of Appellate Procedure lacks merit because Charboneau is a pro se litigant. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990) (indicating that pro se litigants are held to a lower standard of brief writing).

The district court properly granted summary judgment on Charboneau's deliberate indifference claims because, at best, the evidence submitted established that prison officials were negligent in Charboneau's medical care. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

The district court properly granted summary judgment on Charboneau's retaliation claims because the evidence submitted established that all punitive measures undertaken by prison officials were based on legitimate penological interests. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994).

Charboneau lacks standing to challenge the validity of the order designating a visiting judge to preside over his case. *See Mitchell v. Snipes*, 245 F.2d 691, 692 (9th Cir.1957).

Charboneau's remaining contentions lack merit.

All pending motions are denied.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.