**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Barry Kendall HOGAN and Mark Bradford Hogan, Defendants-Appellants.**

No. 84–1687.

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1985.

Ronald P. Guyer, Gerald H. Goldstein, John A. Convery, San Antonio, Tex., for Barry Hogan.

Robert G. Turner, Houston, Tex., for Mark Bradford Hogan.

Edward C. Prado, U.S. Atty., San Antonio, Tex., Mervyn Hamburg, Atty., Appellate Sec., Crim. Div., Washington, D.C., for plaintiff-appellee.

ON PETITION FOR REHEARING

Before CLARK, Chief Judge, BROWN, and POLITZ, Circuit Judges.

CLARK, Chief Judge:

The petition for rehearing is denied except as stated herein.

On June 7, 1985, this Court reversed the defendants' convictions for importation of marijuana and conspiracy to import and possess with the intent to distribute the same. *See United States v. Hogan,* 763 F.2d 697 (5th Cir.1985). The convictions were reversed because the government called a witness, Mark Carpenter, for the primary purpose of impeaching him with inadmissible hearsay evidence.

The government's petition for rehearing correctly noted that no part of Carpenter's testimony was applicable to the conviction on the second count of importation, which related to an earlier successful marijuana smuggling operation. There were no references to the previous incident by the "impeachment" witnesses who testified to refute Carpenter's testimony. Instead, the evidence linking the Hogans to the events charged in the second count was provided by Boyce Rummel. The Hogans assert

that the prosecutor made use of Carpenter's statements in his final argument. These argument characterizations of Carpenter's earlier statements are not evidence.

In light of this correction of our prior holding, the Hogans' contentions regarding the Jencks Act, 18 U.S.C. § 3500, now become dispositive. We previously had only instructed the district court on the principles to be followed should the issue arise upon retrial. The conviction on count two rested primarily on the testimony of Rummel. Counsel for the Hogans requested a copy of the notes DEA Agent Brazeil made during his questioning of Rummel pursuant to the Jencks Act. This request was refused by the government. Therefore, the issue of whether the government's report was "a substantially verbatim recital" of Rummel's statements as required by the Jencks Act, 18 U.S.C. § 3500(e)(2), must be resolved. This is a factual determination best made by the district court.

We have also reconsidered the *Brady* issue which we determined to be moot in our original opinion. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The alleged violation related only to Carpenter's impeachment testimony. That testimony was relevant only to counts one and three. Since we do not vacate the convictions on those counts, we reject the Hogans' argument that a *Brady* violation was committed.

Because we mistakenly based our prior opinion on perceived error in admitting Carpenter's testimony, we withdraw that portion of the opinion which reversed the conviction on count two. The cause is remanded to the district court for the limited purpose of making the factual determination outlined above. When that determination has been made the district court shall supplement the record on appeal with its findings. At that time the court will dispose of the entire appeal. Except as noted, this court retains jurisdiction.

On Limited Remand.