**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert ROYALS, Defendant-Appellant.**

No. 85–4411
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1985.

Rex K. Jones, Hattiesburg, Miss., George Gunter, Petal, Miss., for defendant-appellant.

against other possible complaints in different      contexts which we have not expressly addressed.

Jan Nielsen Little, Reid N. Weingarten, Public Integrity Section, Crim.Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before RUBIN, REAVLEY and HILL, Circuit Judges.

REAVLEY, Circuit Judge:

Defendant Robert Royals was convicted of conspiracy to import marijuana in violation of 21 U.S.C. § 963 (1982). He argues that (1) the district court erred by failing to dismiss his indictment due to pre-indictment delay, (2) the grand jury which indicted him was wrongfully empanelled, and (3) the evidence was insufficient to support his conviction. We affirm.

## FACTS

Defendant Royals and Drew Fairchild were partners in a business situated at the Hattiesburg (Mississippi) Municipal Airport, and in early 1980 they began negotiating with Florida drug smugglers Charles Malone and Duffy Nathan to make arrangements for marijuana to be regularly flown into the airport. Defendant's responsibilities were to provide radio services, to be present at the airport to turn off the runway lights after the planes landed, and to help refuel the planes. After several smuggling attempts were aborted due to faulty planes, a large new transport plane was secured. In the early morning hours of August 4, 1980, Nathan and pilot Robert Watkins flew a load of twenty-nine bales of marijuana into Hattiesburg but were arrested upon their landing. Although Royals had been at the airport awaiting arrival of the plane, he had left sometime prior to the plane's actual arrival and avoided apprehension at that time. Defendant was subsequently indicted on February 22, 1985.

## DISCUSSION

### Pre-Indictment Delay

■ Although the Sixth Amendment right to a speedy trial applies only to post-indictment delay, the Supreme Court has held that the due process clause of the Fifth Amendment has a limited role to play in protecting against oppressive pre-indictment delay. *United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752, 758 (1977); *see United States v. Marion,* 404 U.S. 307, 324–26, 92 S.Ct. 455, 465–66, 30 L.Ed.2d 468, 480–81 (1971). The defendant's threshold burden is to prove that he suffered actual and substantial prejudice to his right to a fair trial. *United States v. Townley,* 665 F.2d 579, 581 (5th Cir.), *cert. denied,* 456 U.S. 1010, 102 S.Ct. 2305, 73 L.Ed.2d 1307 (1982); *United States v. West,* 568 F.2d 365, 367 (5th Cir.), *cert. denied,* 436 U.S. 958, 98 S.Ct. 3073, 57 L.Ed.2d 1123 (1978).

■ Defendant failed to meet his burden of showing prejudice. The possibility of prejudice inherent in any extended delay is not sufficient to demonstrate that a fair trial cannot be received. *Marion,* 404 U.S. at 325–26, 92 S.Ct. at 466, 30 L.Ed.2d at 481. General allegations of loss of witnesses and failure of memories are insufficient to establish actual and substantial prejudice. *United States v. Wehling,* 676 F.2d 1053, 1059 (5th Cir.1982); *United States v. McGough,* 510 F.2d 598, 604 (5th Cir.1975). Defendant contends that he was unable to locate an investigative file prepared by his now deceased attorney, which file allegedly contains exculpatory evidence. Defendant, however, merely presumes that such a file was prepared, and he speculates rather than demonstrates that it contained exculpatory evidence. *See Wehling,* 676 F.2d at 1059; *United States v. Zane,* 489 F.2d 269, 270 (5th Cir.1973), *cert. denied,* 416 U.S. 959, 94 S.Ct. 1975, 40 L.Ed.2d 310 (1974). Finally, defendant has failed to show that such evidence could not have otherwise been obtained. *See United States v. Corbin,* 734 F.2d 643, 648 (11th Cir.1984). Because defendant has failed to meet his burden of showing actual and

substantial prejudice, we need not examine the reasons for the delay. *See Townley*, 665 F.2d at 581–82.

**Grand Jury**

■■■ Defendant argues that Chief Judge Clark of this circuit had no authority to instruct Chief Judge Parker of the Middle District of Louisiana to empanel a grand jury in the Southern District of Mississippi and that the grand jury so empanelled was not called pursuant to the provisions relating to "special" grand juries enumerated in 18 U.S.C. § 3331 (1982). Though Royals lacks standing to challenge the designation order of Chief Judge Clark, *see McDowell v. United States*, 159 U.S. 596, 601, 16 S.Ct. 111, 112–13, 40 L.Ed. 271, 273–74 (1895); *Reynolds v. Lentz*, 17 Alaska 154, 243 F.2d 589, 590 (9th Cir.), *cert. denied*, 354 U.S. 939, 77 S.Ct. 1402, 1 L.Ed.2d 1538 (1957), his contentions have not the slightest merit. The chief judge of a circuit is empowered to designate any district judge of the circuit to hold a district court in any district within the circuit. 28 U.S.C. § 292(b) (1982). Section 296 provides further that a judge sitting by designation shall have all the powers of a judge of the district to which he is designated and assigned. Under Rule 6, Fed.R.Crim.P., a district judge has discretion to empanel one or more grand juries at such times as the public interest requires. Chief Judge Clark's authority to designate Chief Judge Parker is beyond question. With regard to defendant's contention that a "special" grand jury was improperly called, although Chief Judge Parker used the term "special" in his May 30, 1984 order summoning a grand jury, he deleted same in his amended order of June 6, 1984. The provisions of 18 U.S.C. § 3331, therefore, are inapplicable.

**Sufficiency of Evidence**

■■■ Defendant contends that the evidence was insufficient to prove his identity and that the government failed to show that he voluntarily became a participant in the conspiracy. He argues that no witness pointed him out in the courtroom. Identity, however, may be proved by inference and circumstantial evidence. *See United States v. Lawrence*, 699 F.2d 697, 703 (5th Cir.), *cert. denied*, 461 U.S. 935, 103 S.Ct. 2103, 77 L.Ed.2d 309 (1983). Malone and Nathan testified in defendant's presence that he was associated with Fairchild in a business located at the Hattiesburg airport, an association that is undisputed. It is this same Bob Royals whom Malone, Nathan and Fairchild testified was involved in the conspiracy; furthermore, defendant himself admits that he may have had face-to-face meetings with Malone and Nathan. A jury could reasonably infer that defendant is the same person implicated in the conspiracy by Malone, Nathan and Fairchild. The evidence was sufficient to support defendant's identification.

■■■ Finally, Royals argues that the evidence was insufficient to show that he knew of and voluntarily joined a conspiracy to import marijuana. We disagree. Malone, Nathan and Fairchild each testified unequivocally that defendant was a member of their drug smuggling conspiracy. The record is replete with testimony that Royals was continuously involved with the conspiracy and the smuggling attempts. For example, Fairchild testified that Royals agreed to help him receive a particular shipment of contraband, an operation which would net them $25,000; Malone testified that he and Royals awaited the arrival of a smuggling plane, during which time they discussed the smuggling operation; and Nathan testified that Royals was involved in the planning conversations.

AFFIRMED.