**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1812
_____

ANTONELLO BOLDRINI,
Appellant

v.

MARTIN R. WILSON; DISTRICT ATTORNEY D. PETER JOHNSON; JANE DOE,
Personally and in his official capacity as Secretary of the District Attorney of Union
County PA; DANIEL J. BARRETT, ESQ; F. CORTEZ BELL, III; WILLIAM A.
SHAW, JR.; CAROL PONCE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-11-cv-01771)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2013

Before:  AMBRO, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed October 18, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant Antonello Boldrini appeals the District Court's orders granting

the defendants' motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure and denying his motion for leave to amend his complaint, his sundry motions for reconsideration, and his requests for discovery. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise a plenary standard of review over the District Court's dismissal order, see Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008), and we review for abuse of discretion the District Court's orders denying leave to amend the complaint, see Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013), denying Boldrini's motions for reconsideration, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999), and denying Boldrini's discovery motions, see Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995). For the reasons set forth below, we will affirm.

In Boldrini's complaint, he stated that, in 2004 and 2005, he had a business dispute with a well-connected customer, whom he later identified as Donald Ferrario. Ferrario, Boldrini alleged, induced Carol Ponce, a state trooper, to bring phony criminal charges against him; the idea, apparently, was that Boldrini would be found guilty of the charges and consequently ordered to pay restitution to Ferrario. Trooper Ponce duly filed a criminal complaint, accusing Boldrini of four counts of fraudulent business practices in violation of 18 Pa. Cons. Stat. § 4107 and four counts of theft by deception in violation of 18 Pa. Cons. Stat. § 3922. Ultimately, in March 2010, the district attorney recommended (with Boldrini's acquiescence) that Boldrini be placed in the Accelerated Rehabilitative Disposition (ARD) program, and the trial court entered an order to that effect.

2

Boldrini then brought an action under 42 U.S.C. § 1983 against Trooper Ponce and several other individuals (collectively, "the defendants"), seeking compensatory damages. Boldrini alleged that, under color of state law, the defendants prosecuted and convicted him, while knowing he was innocent, in violation of his constitutional rights. The District Court granted the defendants' Rule 12(b)(6) motions and dismissed the complaint, while also denying Boldrini's request to file an amended complaint on the ground that amendment would be futile. The Court then denied several motions that Boldrini filed seeking discovery from the defendants as well as four different motions for reconsideration. Boldrini filed a timely notice of appeal to this Court. He has also filed several motions in this Court seeking various forms of relief.

We agree with the District Court's disposition of this case. In his complaint, Boldrini frames his claims as "malicious prosecution," which accurately describes the alleged misconduct. See Heck v. Humphrey, 512 U.S. 477, 484 (1994). To establish malicious prosecution, however, Boldrini must show that "the prior criminal proceedings . . . have terminated in [his] favor." Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000) (citing Heck, 512 U.S. at 484). Boldrini acknowledges that the criminal charges were resolved through ARD, which does not qualify as a favorable termination for these purposes. See Gilles v. Davis, 427 F.3d 197, 211 (3d Cir. 2005). The malicious-prosecution claims are therefore not presently cognizable under § 1983. See Kossler v. Crisanti, 564 F.3d 181, 190 n.6 (3d Cir. 2009) (en banc). To the extent that Boldrini has asserted a conspiracy claim based on this prosecution, the claim is barred for

3

the same reason.  See Long v. Atl. City Police Dep't, 670 F.3d 436, 447 (3d Cir. 2012).[1]

Finally, having dismissed Boldrini's federal claims, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over Boldrini's state-law claims.  See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999).

We likewise conclude that the District Court did not abuse its discretion in denying Boldrini's request to amend his complaint.  While a district court should freely grant leave to a party to amend its pleadings when justice so requires, it may properly deny a party's motion to amend when amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  We are satisfied that amendment here would be futile.[2]  As an initial matter, the amended complaint that Boldrini sought to file spans over 200 pages, comprising 2,687 paragraphs.  (Boldrini

_____

[1] In his complaint, Boldrini also suggested that he wished to assert a malicious-abuse-of-process claim.  However, "a section 1983 claim for malicious abuse of process lies where prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law."  See Rose v. Bartle, 871 F.2d 331, 350 n.17 (3d Cir. 1989) (internal quotation marks omitted).  Here, Boldrini claimed that the criminal action was improper from the start, which constitutes malicious prosecution.  See id.  Moreover, even if Boldrini's complaint could be read to assert an abuse-of-process claim, he in effect pleads himself into the Heck bar by explaining that if he is able to prove his claims, "all the [criminal] proceeding(s) of Boldrini . . . will be void."  See generally Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Div. of State Police, 411 F.3d 427, 449 (3d Cir. 2005), overruled on other grounds as stated in Dique v. N.J. State Police, 603 F.3d 181, 183 (3d Cir. 2010).

[2] On the last day that Rule 15 of the Federal Rules of Civil Procedure authorized Boldrini to file an amended complaint as a matter of course, he filed a motion for leave to amend his complaint, without attaching a proposed amended complaint.  "Accordingly, we will treat this as a case in which leave of court is required to amend."  Centifanti v. Nix, 865 F.2d 1422, 1431 (3d Cir. 1989).

4

says that it shows "a total of 25,000 total counts of criminal activity.") The amended complaint's prolixity and failure to identify the meaningful allegations in any comprehensible way were grounds for dismissal, see In re Westinghouse Sec. Litig., 90 F.3d 696, 702-03 (3d Cir. 1996), and it was permissible for the District Court to refuse amendment on that basis, see McAninch v. Wintermute, 491 F.3d 759, 766-67 (8th Cir. 2007). Moreover, nothing in the massive complaint changes the fact that the malicious-prosecution claim is barred by the favorable-termination rule. Finally, on our independent review, we can detect no claim in the amended complaint that could withstand a Rule 12(b)(6) motion.

We further discern no abuse of discretion in the District Court's orders denying Boldrini's requests for reconsideration. A motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood, 176 F.3d at 677 (internal quotation marks omitted). In his motions, Boldrini presented many of the same arguments that the District Court had previously rejected; the District Court properly refused to allow Boldrini to relitigate issues that it had already decided. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

Boldrini also presented what he called newly discovered evidence — a copy of his criminal record that does not list any of the felonies with which he was charged. Based on this evidence, he argued, in an apparent attempt to avoid the favorable-termination bar, that he had never been charged with any felonies or been through the ARD program. However, in addition to being flatly contrary to allegations in his complaint and other

5

filings (indeed, these criminal charges were the very basis for his alleged damages), the absence of these charges can be explained by the documents that Boldrini himself has submitted. See generally ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 n.8 (3d Cir. 1994) ("Where there is a disparity between a written instrument annexed to a pleading and an allegation in the pleading based thereon, the written instrument will control."). Boldrini filed both the trial court's order placing him in the ARD program and a subsequent "Order of Expungement"; the latter provided that, since Boldrini had completed the ARD program, the "keepers of criminal records shall expunge and destroy the official and unofficial arrest and other criminal records, files and other documents." The Order of Expungement predates the criminal record that Boldrini has submitted; the fact that the records have, in fact, been expunged does not help Boldrini because "expungement under the ARD Program is not a result 'favorable' to the plaintiff." Gilles, 427 F.3d at 209. The District Court was not required to grant reconsideration in these circumstances.

Finally, given that by the time he sought discovery, the District Court had already dismissed his complaint, it was entirely reasonable for the District Court to deny his discovery motions.

We will therefore affirm the District Court's judgment. Boldrini's August 16, 2013 motion for an extension of time to file a reply in support of his motion to disqualify appellees' counsel is granted, and his reply brief is deemed filed as of August 22, 2013. We deny each of Boldrini's other pending motions.

6