**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2735
_____

ANTONELLO BOLDRINI,

Appellant

v.

MARTIN R. WILSON; DISTRICT ATTORNEY D. PETER JOHNSON; JANE DOE,
Personally and in Her Official Capacity as Secretary of the District Attorney of Union
County PA; DANIEL J. BARRETT; ESQ. F. CORTEZ BELL, III; WILLIAM A.
SHAW, JR.; CAROL PONCE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-11-cv-01771)
District Judge: Honorable A. Richard Caputo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 2, 2015

Before: CHAGARES, JORDAN and GREENBERG, Circuit Judges

(Opinion filed April 13, 2015)

_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

_____

PER CURIAM

Pro se appellant Antonello Boldrini appeals the District Court's orders denying his motions under Rules 60(b) and 59(e) of the Federal Rules of Civil Procedure. For the reasons detailed below, we will affirm the District Court's judgment.

In September 2011, Boldrini filed a complaint under 42 U.S.C. § 1983 alleging, as pertinent here, that various defendants maliciously prosecuted him. In support of his complaint, Boldrini submitted a state-court docket sheet, a criminal information, a criminal complaint, a certificate of arraignment, a notice of preliminary hearing, a report that Boldrini had waived his preliminary hearing and applied for Accelerated Rehabilitative Disposition (ARD), an ARD order, and an application for and order of expungement. These documents revealed that Boldrini had been charged with four counts of fraudulent business practices in violation of 18 Pa. Cons. Stat. § 4107 and four counts of theft by deception in violation of 18 Pa. Cons. Stat. § 3922, had entered into the ARD program, and had had the charges expunged.

The defendants filed a motion to dismiss, which the District Court granted. The Court concluded that Boldrini's malicious-prosecution claim was barred by the favorable-termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). The Court further explained that ARD does not qualify as a favorable termination for these purposes. See Gilles v. Davis, 427 F.3d 197, 211 (3d Cir. 2005). Boldrini filed a motion for

2

reconsideration, alleging that the ARD order was void. The District Court denied his motion. Boldrini appealed to this Court, and we affirmed, for essentially the reasons discussed by the District Court. Boldrini v. Wilson, 542 F. App'x 152 (3d Cir. 2013) (non-precedential). The Supreme Court denied Boldrini's petition for certiorari. Boldrini v. Wilson, 134 S. Ct. 2304 (2014).

Boldrini then filed a motion in the District Court under Fed. R. Civ. P. 60(b). He alleged that, after we had affirmed the District Court's judgment, he had obtained a copy of his Criminal History Record Information (CHRI) from the Pennsylvania State Police. This document, he argued, listed only two charges, not the eight described in the various documents discussed above. Based on this apparent discrepancy, Boldrini averred that he had never been charged with any offenses or participated in the ARD program; instead, he claimed, the various defendants had conspired to stage a fictitious prosecution supported by fraudulent documents.[1] The District Court denied Boldrini's motion. Boldrini filed Rule 59(e) motion, which the Court also denied. Boldrini then filed a timely notice of appeal to this Court.

---

[1] The apparent thrust of this argument is that Boldrini's malicious-prosecution claim could not be barred by Heck's favorable-termination rule because he had never actually been charged or participated in the ARD program. However, while somewhat inconsistent with the other record evidence, the CHRI nonetheless states that Boldrini was charged with two criminal offenses, and that the record of those charges was expunged "upon the successful completion of conditions of ARD."

3

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the denial of relief under Rule 60(b)(4), and we review orders concerning other subsections of Rule 60(b) for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008). We likewise review the District Court's denial of a Rule 59(e) motion for abuse of discretion. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

We agree with the District Court's disposition of this case. In pressing his Rule 60(b) motion, Boldrini focused primarily on subsection (b)(2), which permits a court to relieve a party from a final judgment when the party offers "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Rule 60(b)(2); see also Compass Tech., Inc. v. Tseng Labs., Inc., 71 F.3d 1125, 1130 (3d Cir. 1995). Boldrini's CHRI does not qualify as "newly discovered" under this standard. He obtained the document merely by requesting it from the Pennsylvania State Police, as was his right under Pennsylvania law, see 18 Pa. Cons. Stat. §§ 9151–52; 37 Pa. Code § 195.4, and he has provided no explanation as to why he could not have acquired it earlier. Accordingly, the District Court did not err in denying relief under Rule 60(b)(2). See Giordano v. McCartney, 385 F.2d 154, 155-56 (3d Cir. 1967); see also Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 264 F.3d 302, 310 n.4 (3d Cir. 2001).[2]

---

[2] The District Court concluded that it was unable to reach Boldrini's claim under Rule 60(b)(2) because Boldrini had presented this evidence in his petition for rehearing en banc. Contrary to the District Court's conclusion, our summary denial of Boldrini's

4

We likewise discern no error in the District Court's rejection of Boldrini's claims under the other subjections of Rule 60(b). A court may vacate a judgment under Rule 60(b)(3) only if a party establishes, by clear and convincing evidence, see Brown v. Pa. R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960), that the judgment was obtained through such fraud that "prevented [him] from fully and fairly presenting his case," Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). Here, the CHRI, standing alone, does not clearly show that the sundry documents concerning Boldrini's criminal case are false or that the defendants committed fraud. Cf. Eley v. Erickson, 712 F.3d 837, 853 (3d Cir. 2013).[3]

Further, Boldrini is entitled to no relief under Rule 60(b)(4) because he argues only that the District Court erred in dismissing his complaint, not that the Court "lacked jurisdiction of the subject matter or the parties or entered a decree which is not within the powers granted to it by the law." Marshall v. Bd. of Educ., 575 F.2d 417, 422 (3d Cir. 1978) (quotation marks omitted). Nor does subsection (b)(5) apply here, since the District Court's judgment has not been satisfied or vacated and is not "prospective" under the relevant standards. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 272-73 (3d Cir.

petition did not "expand the compass of our original mandate" so as to prevent the Court from addressing Boldrini's argument. See Moore v. Anderson, 222 F.3d 280, 284 (7th Cir. 2000). Nevertheless, we may affirm on any ground apparent in the record. See, e.g., Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

[3] We note that Boldrini asked the Pennsylvania courts to vacate the ARD order, and they refused to do so.

2002). Moreover, for the reasons discussed throughout this opinion, Boldrini has failed to show that "exceptional circumstances" exist that justify relief under Rule 60(b)(6). Id. at 273.

Finally, because Boldrini's Rule 59(e) motion merely "advanced the same arguments that were in his" Rule 60(b) motion, the District Court did not err in denying that motion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

Accordingly, we will affirm the District Court's judgment. Boldrini's motion for oral argument is denied. Boldrini's two motions to supplement the record on appeal are denied. See Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 226 (3d Cir. 2009) (explaining that such a request will be granted in only "exceptional circumstances"). In light of the numerous extensions we granted Boldrini to file both his opening and reply briefs, his motion to file an amended reply brief is also denied. Boldrini's Motion to Stay the Calendared Resulted for Fraud Activity on the Docket, his Emergency Motion for Subject Matter Jurisdiction L.A.R. 27.4(b), and his other pending motions are denied. The appellees' motion to strike Boldrini's Emergency Motion for Subject Matter Jurisdiction L.A.R. 27.4(b) is also denied.