BLD-049                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2029
_____

ANTONELLO BOLDRINI,
Appellant

v.

FREDERICK J. AMMERMAN; PATRICK FORD; EARLE D. LEES;
ALBERT C. ONDREY; JOHN PHIL DOE; JOHN SUGHRUE;
LAURA HATHORN; JOHN DOE P. SERVERINE; SAMUEL LOMBARDO;
JOHN M.F. DOE; DANIEL J. NELSON; JOHN A. REILLY, JR.;
WALTER A. STROHL; CLARENCE CATALDO; CATALDO COLLISION SERVICE;
CATALDO COLLISION INC; KEN REBER; CHARLES REBER; BZ MOTORS
CHRYSLER INC; DAVID W. SWARTZLANDER; C.P.R. AUTO CENTER;
DONALD FERRARIO; FERRARIO AUTO CENTER; FERRARIO AUTO TEAM;
BRADLEY SHATINSKY; RONALD JAROCHA; GERRI MILLER;
SCOTT D. CLINE; JENNIFER L. HUTTON; LAURIE J. REED; FRANK PIONTEK;
ROBERT RACHILA; JAMIE MACLUNNY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-02896)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 13, 2015

Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed November 23, 2015)

_____

OPINION[*]

_____

PER CURIAM

In 2013, Antonello Boldrini filed a civil rights action in the District Court against several Pennsylvania state court judicial officers, members of their staffs, and various other individuals. Boldrini alleged that his constitutional rights had been violated in connection with his 2008 arrest and subsequent prosecution in Pennsylvania state court on multiple charges of theft by deception and fraudulent business practices.[1] After screening Boldrini's complaint, the Magistrate Judge assigned to the case determined that the filing did not comply with Federal Rule of Civil Procedure 8(a), and that Boldrini's claims appeared time-barred.[2] However, the Magistrate Judge afforded Boldrini an opportunity to amend his complaint in order to correct those deficiencies.

Upon review of Boldrini's amended complaint, the Magistrate Judge recommended that it be dismissed with prejudice. In his Report and Recommendation

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Boldrini's case did not proceed to trial. Rather, in March 2010, the District Attorney recommended (with Boldrini's acquiescence) that Boldrini be placed in the Accelerated Rehabilitative Disposition (ARD) program. The charges against Boldrini were later expunged.

[2] The Magistrate Judge also noted that it appeared that several of the Defendants were immune from suit, and that Boldrini had failed to allege that most of the named Defendants were personally involved in the alleged constitutional violations.

("R&R"), the Magistrate Judge determined that Boldrini was attempting to re-litigate claims that had been dismissed in previous lawsuits, and that his claims were subject to dismissal in any event.

Boldrini moved for an extension of time to file objections to the R&R, which the District Court granted, setting a deadline of July 3, 2014. The order stated that no further extensions would be granted. Nevertheless, Boldrini sought another extension, which was denied. Boldrini then filed a "Motion Nunc Pro Tunc for Leave to File Objection to Recommendation." The District Court denied the motion in an order entered on August 21, 2014. Boldrini appealed from that order, but we dismissed the appeal for lack of jurisdiction, concluding that the order was not a final, appealable order. (See C.A. No. 14-3996, order entered on Jan. 5, 2015.) Thereafter, the District Court adopted the R&R and dismissed Boldrini's complaint. Boldrini filed a timely motion for reconsideration of that order, but relief was denied. This timely appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we review for abuse of discretion the District Court's order denying Boldrini's motion for reconsideration, see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6; see also Murray

v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).  For the reasons set forth below, we will affirm.

In Boldrini's amended complaint, he alleged that the Defendants conspired against him to procure his arrest, which ultimately led to his wrongful prosecution.  Boldrini claimed that he had been the target of the conspiracy following a dispute that he had with a well-connected customer of his business.  His lengthy complaint appeared to name as Defendants all persons who may have been involved with his 2008 arrest and subsequent prosecution.

The District Court is correct that Boldrini has presented similar claims against other Defendants in at least two prior federal cases.  However, in light of the fact that Boldrini's filings are less than clear, we need not undertake a rigorous analysis of issue preclusion here.  Rather, we will affirm on the alternative grounds identified by the District Court.

The District Court properly concluded that, even assuming Boldrini's claims are cognizable, they are time-barred.[3]  The statute of limitations for Boldrini's action is governed by the personal injury statute of limitations for Pennsylvania, the state in which the cause of action accrued.  O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir.

---

[3] The statute of limitations is an affirmative defense and as such is not grounds for sua sponte dismissal unless the defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate.  See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).  Those conditions are met here.

2006). That period is two years, subject to any state law tolling provisions which are not inconsistent with federal law. Lake v. Arnold, 232 F.3d 360, 368-69 (3d Cir. 2000). Such provisions include the "discovery rule," which tolls the statute of limitations where the plaintiff neither knew nor reasonably should have known of his injury and its cause at the time his right to institute suit arose. Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 140 n.30 (3d Cir. 2005); Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). Because the various injuries Boldrini alleges were incident to his arrest and prosecution in 2008 and 2009, his complaint is barred unless equitable tolling applies. We agree with the District Court that Boldrini did not present any evidence supporting the application of equitable tolling.[4]

We also discern no abuse of discretion in the District Court's order denying Boldrini's request for reconsideration. A motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence." See Max's Seafood Café, 176 F.3d at 677 (citation and quotation marks omitted). Boldrini's motion did not present any valid basis for reconsideration. The District Court also appropriately declined to grant Boldrini further leave to amend given that he had

---

[4] We note that even if Boldrini's claims were not time-barred, his apparent claims of wrongful arrest, conspiracy, and malicious prosecution are not cognizable under § 1983. Given that Boldrini did not establish that his criminal prosecution ended in his favor, he cannot satisfy the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See Wallace v. Kato, 549 U.S. 384, 393-94 (2007). Indeed, the resolution of his charges through ARD does not qualify as favorable termination for these purposes. See Gilles v. Davis, 427 F.3d 197, 211 (3d Cir. 2005).

5

previously amended his complaint but still failed to state a viable claim. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). To the extent Boldrini also challenges the District Court's decision to deny his motion seeking additional time to file objections to the R&R, we perceive no error on the part of the District Court. Boldrini had already been afforded one extension to submit his objections, but failed to timely file them.

Accordingly, we will affirm the judgment of the District Court.[5]

---

[5] To the extent that Boldrini seeks any relief in his "Notices of Constitutional Question," which he appears to have filed in support of his appeal, the request is denied.