**BLD-267**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1551
_____

ANTONELLO BOLDRINI, Appellant

v.

JOSEPH P. GIOVANNINI, personally and in his capacity as ADA of Luzerne County;
JOSEPH M. NOCITO, personally and in his capacity as PI criminal lawyer;
MARIANNE CAMELI, personally and as Estate Executrix and Trustee PINA Last Will;
CHRIS CULLEN, personally and as Lawyer for Antonello Boldrini;
SGT. GARY THOMAS, personally and in his official capacity as Trooper for the PA
State Police Wyoming; BRADLEY SHATINSKY, personally and in his official capacity
as Corporal of the PA State Police PSP Tunkhannock; RONALD JAROCHA, personally
and in his official capacity as Trooper Fire Marshall of PA State Police PSP Wyoming; F.
CORTEZ BELL, III, personally and in his official capacity as First Assist D.A. of
Clearfield County PA; CAROL PONCE, personally and in her official capacity as State
Police Trp.; PATRICK FORD, personally and in his official capacity as District
Magistrate; JOHN DOE, personally and in his official capacity as PASP which arrested
the Plaintiff  at Philadelphia PA Airport; DONALD FERRARIO, personally and Ferrario
Auto Center and Ferrario Auto Team; WALTER A. STROHL, personally and in
his official capacity as District Magistrate
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 3:18-cv-01360)
District Judge:  Honorable Juan R. Sánchez (sitting by special designation)
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 29, 2019

Before: AMBRO, KRAUSE and PORTER, <u>Circuit</u> <u>Judges</u>

1

_____

OPINION[*]
_____

PER CURIAM

Antonello Boldrini has long been dissatisfied with the resolution of a legal proceeding he was a party to in Clearfield County, Pennsylvania. And his dissatisfaction has spawned a significant amount of litigation. See, e.g., Boldrini v. Ammerman, 629 F. App'x 172 (3d Cir. 2015) (per curiam); Boldrini v. Wilson, 609 F. App'x 721 (3d Cir. 2015) (per curiam); Boldrini v. Wilson, 542 F. App'x 152 (3d Cir. 2013) (per curiam).

The current action is one of the latest chapters in this litigation saga. In his 2018-filed, pro se complaint, Boldrini alleged that: he is the victim of a long-running conspiracy among lawyers, law enforcement, judges and others; a decade ago, said conspiracy resulted in his being "kidnapped . . . for twenty five days under alleged charges"; and he will not tolerate any attempt by the judiciary to "Obstruct Justice." Boldrini also alleged that his late wife was convinced by a former attorney to engage in a fraudulent real estate transaction, and that this attorney stole an "Insurance bank Account [sic]." Boldrini demanded ten million dollars and unspecified injunctive relief. In addition to his complaint, Boldrini filed eleven volumes of appendices, containing hundreds of documents purportedly supporting his claims.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

By order entered on January 31, 2019, the Honorable Juan R. Sánchez ("the District Court") was specially designated to handle the case, under 28 U.S.C. § 292(b).[1] The District Court, by order entered on February 8, 2019, then granted Boldrini leave to proceed in forma pauperis, and dismissed Boldrini's complaint, without prejudice, for failure to comply with Fed. R. Civ. P. 8(a), and for failure to adequately state a civil rights conspiracy claim, see 28 U.S.C. § 1915(e)(2)(B)(ii).

The District Court gave Boldrini 30 days to file an amended complaint. Boldrini, however, did not file an amended complaint. Instead, he filed "objections" to the January 31, 2019 designation order, an appeal of the February 8, 2019 order, and then an "amended" appeal concerning the January 31, 2019 order. Based on those events, we have jurisdiction under 28 U.S.C. § 1291. Cf. Frederico v. Home Depot, 507 F.3d 188, 192 (3d Cir. 2007); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).

We have little trouble concluding that the District Court properly exercised its discretion to dismiss this action, see In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (providing standard of review), on the ground that Boldrini failed to comply with Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Although Rule 8 "does not require 'detailed factual allegations,'" it demands more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The allegations in the

---

[1] According to § 292(b), "[t]he chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit."

3

complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). Here, we agree with the District Court that Boldrini's complaint was far too vague and disorganized to provide notice to, and to facilitate a meaningful response from, the named defendants. We will thus affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).[2] Boldrini's pending motion for an extension of time to file a summary action response is denied.

---

[2] We acknowledge Boldrini's post-judgment objections to the January 31, 2019 designation order issued by the Chief Judge of this Court, as well as Boldrini's apparent intention to "appeal" that order. Boldrini, however, has provided no basis to disturb the designation order. See United States v. Royals, 777 F.2d 1089, 1091 (5th Cir. 1985); Reynolds v. Lentz, 243 F.2d 589, 590 (9th Cir. 1957); cf. McDowell v. United States, 159 U.S. 596, 600-01 (1895) (rejecting challenge to order of circuit judge designating district judge from another district because the designation statute "gives full power to the circuit judge to act . . . whenever in his judgment the public interests require," and rejecting challenge to rulings of designated district judge because, inter alia, "[t]he order of designation was regular in form").