# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2020

Lyle W. Cayce
Clerk

No. 20-40170
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LAWRENCE JAMES ESPREE,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-416-1

---

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Lawrence James Espree was convicted following a bench trial for conspiring to possess with intent to deliver more than 50 grams of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court imposed a downward variance sentence of 200 months of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

imprisonment and a five-year term of supervised release. Espree appeals, contending that the district court should have granted his motion for a judgment of acquittal. *See* Fed. R. App. P. 29(a). We affirm.

At the close of the Government's evidence, Espree moved for a judgment of acquittal on the specific basis that no Government witness had identified him or testified that he is the person who committed the offense charged in the indictment. On appeal, he asserts that the sole issue is whether the Government met its burden to present substantial evidence of his identity during its case in chief. We review this claim under the usual sufficiency standard, which asks whether, "after viewing the evidence in the light most favorable to the verdict, any rational trier fact could have found the essential elements of the offense beyond a reasonable doubt." *United States v. Herrera*, 313 F.3d 882, 884 (5th Cir. 2002) (en banc).

Contrary to Espree's assertion that inferring the identity of the accused is impermissible, "[i]dentity . . . may be proved by inference and circumstantial evidence." *United States v. Royals*, 777 F.2d 1089, 1091 (5th Cir. 1985). "An in-court identification is not necessary for conviction." *United States v. Lugo-Lopez*, 833 F.3d 453, 458 (5th Cir. 2016) (internal quotation marks, citation, and brackets omitted). "[C]onnecting or corroborating facts or circumstances" may supply the evidence needed in the absence of an identification. *United States v. Johnson*, 427 F.2d 957, 961 (5th Cir. 1970). In the instant case, inference, circumstantial evidence, and connecting or corroborating facts and circumstances easily combine to prove that the person convicted, Lawrence James Espree, is the person who committed the crime charged in the indictment. Our thorough review of the record establishes that the district court had ample basis for a rational inference that the Lawrence James Espree who was the defendant in the trial and who himself gave testimony is the Lawrence James Espree charged with conspiracy in the indictment and the person who committed that crime. *See*

*Lugo-Lopez*, 833 F.3d at 458; *Royals*, 777 F.2d at 1091; *Johnson*, 427 F.2d at 961.  Indeed, it is difficult to fathom how a rational trier of fact could have inferred anything to the contrary.

We do not read Espree's counseled briefs as asserting a more generalized insufficiency claim, as precedent precludes liberal construction of counseled briefs.  *See Woodfox v. Cain*, 609 F.3d 774, 792 (5th Cir. 2010).  Nevertheless, we note that any such claim would fail under either the usual review standard for insufficiency claims or the stricter devoid-of-evidence standard applicable to such claims if they are first raised on appeal.  *See Herrera*, 313 F.3d 884-85 & n.*; *see also United States v. Ruiz*, 860 F.2d 615, 617 (5th Cir. 1988).  Our thorough review of the record establishes that the testimony of Alfonso Cuevas, a Government witness and unindicted co-conspirator, was alone sufficient to convict Espree.  *See United States v. Valdez*, 453 F.3d 252, 257 (5th Cir. 2006); *see also United States v. Solis*, 299 F.3d 420, 445 (5th Cir. 2002).  Thus, the record is not devoid of evidence that Espree committed the charged drug conspiracy; to the contrary, the record contains sufficient evidence that he did.  *See Herrera*, 313 F.3d at 884-85 & n.*.

AFFIRMED.