# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2021

Lyle W. Cayce
Clerk

No. 19-30356
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DWAYNE WINANS, JR.; BRYSON TUESNO,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CR-175-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Following a jury trial, Defendant-Appellant Dwayne Winans, Jr., was convicted of two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), two counts of carjacking, in violation of 18 U.S.C. § 2119, and four counts of brandishing a firearm during and in relation to a crime of violence, in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

violation of 18 U.S.C. § 924(c). He was sentenced to 360 months of imprisonment, followed by a five-year term of supervised release. Codefendant-Appellant Bryson Tuesno was convicted of two counts of armed robbery and two counts of brandishing a firearm during and in relation to a crime of violence and was sentenced to 180 months and one day of imprisonment, followed by a three-year term of supervised release. They both appeal.

As his sole issue on appeal, Winans contends that the district court erred in denying his motion to dismiss his indictment, alleging a violation of his rights under the Speedy Trial Act. Although Winans's indictment issued 44 days after his arrest, 15 of those days were excludable, 10 for his transfer from another district, *see* 18 U.S.C. § 3161(h)(1)(F), and five for the pendency of the Government's pretrial motion for detention, filed on Wednesday, August 24, 2016, and heard on Monday, August 29, 2016. *See* § 3161(h)(1)(D); *United States v. Gonzalez-Rodriguez,* 621 F.3d 354, 368-69 (5th Cir. 2010).

Winans here renews his assertion that the delay in holding a hearing on the Government's pretrial motion for detention violated the Bail Reform Act and, pursuant to that act, the Government was entitled to no more than three excludable days, including weekends. His argument is not well-taken. His reliance on *United States v. Tinklenberg*, 563 U.S. 647 (2011), is misplaced: That case did not involve the specified delays under the Bail Reform Act. That statute requires that weekends and legal holidays be excluded from the relevant three-day period, *see* 18 U.S.C. § 3142(f)(2), so the district court correctly determined that there was no violation of the Bail Reform Act. Only 29 countable days of the speedy trial clock had lapsed at the time his indictment issued, so Winans fails to show a violation of the Speedy Trial Act. The district court did not err in denying his motion to dismiss the indictment.

No. 19-30356

Tuesno contends that the evidence was insufficient to support his convictions; specifically, that there was insufficient evidence to establish his identity as one of the two bank robbers. He complains about the lack of direct forensic or eyewitness evidence linking him to the crime scenes, but his complaint is without merit. *See United States v. Royals*, 777 F.2d 1089, 1091 (5th Cir. 1985). When the circumstantial evidence is viewed in the light most favorable to the prosecution, it was sufficient for reasonable jurors to find that Tuesno was one of the two men who attempted to rob the Regions Bank and who robbed the Gulf Coast Bank on August 15, 2016. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008); *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001).

Tuesno also contends that the Government impermissibly called Gabriel as a hostile witness to impeach her with her prior statements to Agent Plummer. Tuesno urges that, because the Government knew Gabriel would be hostile, its attempt to impeach her with her otherwise inadmissible hearsay statements to Agent Plummer amounts to reversible error. He relies on *United States v. Hogan*, 763 F.2d 697, 702 (5th Cir.), *opinion withdrawn in part on other grounds,* 771 F.2d 82 (5th Cir. 1985).

True, the Government "may not call a witness it knows to be hostile for the *primary* purpose of eliciting otherwise inadmissible impeachment testimony." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 760 (5th Cir. 2008) (internal quotation marks and citation omitted). However, absent "something in the record to ground a finding that the Government's 'primary purpose' in calling [the witness] was to elicit otherwise impermissible evidence through impeachment," we will not find error. *Id.*

Tuesno also asserts that the Government knew Gabriel would be hostile and announced to the jury at the outset that it was calling Gabriel as a hostile witness, intending to treat her as such. However, that assertion is

belied by the record, which, as the district court found, shows that the Government called Gabriel with the expectation that she would testify consistently with her prior statements. The instant case is thus distinguishable from *Hogan*. *See* 763 F.2d at 702. Moreover, despite Gabriel's memory problems, the Government was able to confirm through her testimony that she had purchased the Chevrolet Monte Carlo in question jointly with Tuesno and that the car was registered in both of their names. There is thus no support in the record for the contention that the Government's "primary purpose" in calling Gabriel was to impeach her. *See Cisneros-Gutierrez*, 517 F.3d at 760.

The claim also fails because the district court found Agent Plummer's testimony about Gabriel's prior statements to be otherwise admissible under FED. R. EVID. 803(2) and FED. R. EVID. 801(d). *See Cisneros-Gutierrez*, 517 F.3d at 760. Tuesno conclusionally states that this was error, but he briefs no argument and cites no authority in support and has thus abandoned any challenge to those rulings. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

For the foregoing reasons, the district court's judgments are AFFIRMED.