# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2024

Lyle W. Cayce
Clerk

No. 23-30362
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Paul Anthony Lewis,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CR-184-1

_____

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Paul Anthony Lewis of conspiracy to possess with intent to distribute various controlled substances and several counts of possession with intent to distribute controlled substances. The district court sentenced him to 240 months of imprisonment, to be followed by supervised release.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30362

On appeal, Lewis argues that the Government called a witness to testify at trial for the sole purpose of impeaching her in order to introduce a recording of her interview with authorities, which would otherwise be inadmissible as hearsay. The evidence contained in the recording, according to Lewis, was the only thing linking him to a backpack containing narcotics.

A district court's evidentiary rulings are reviewed under the abuse of discretion standard. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 757 (5th Cir. 2008). Any party may attack the credibility of a witness, "including the party calling the witness." Fed. R. Evid. 607. However, the Government "may not call a witness it knows to be hostile for the *primary* purpose of eliciting otherwise inadmissible impeachment testimony." *Cisneros-Gutierrez*, 517 F.3d at 760 (internal quotation marks and footnote citation omitted).

Lewis fails to show that this was the Government's primary purpose. *See id.* Lewis's reliance on *United States v. Hogan*, 763 F.2d 697 (5th Cir. 1985), *opinion withdrawn in part on other grounds*, 771 F.2d 82 (5th Cir. 1985), is unavailing. Here, the Government indicated that the witness's testimony at trial *might* be different from her prior statement, the witness's prior statements were not under oath, and the witness's testimony was helpful to the Government in that she admitted that she told authorities that Lewis carried the backpack. Accordingly, Lewis has failed to show that the district court abused its discretion in allowing the Government to present witness's testimony. *See Cisneros-Gutierrez*, 517 F.3d at 757, 760.

AFFIRMED.

2